UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                          Case No. 17-20256

v.                                       Honorable Nancy G. Edmunds

ARRIC SHON BICY,

        Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION TO REDUCE SENTENCE [110]**

Defendant Arric Shon Bicy is currently in the custody of the Federal Bureau of Prisons ("BOP") at FCI Allenwood in Pennsylvania. The matter is before the Court on Defendant's motion for resentencing and request for early release. (Dkt. 110.) The government opposes Defendant's motion. (Dkt. 112.) Defendant has filed a reply. (Dkt. 113.) The Court has reviewed the record in its entirety and finds that a hearing is not necessary. For the reasons set forth below, the Court DENIES Defendant's motion for a sentence reduction.

**I.   Background**

On November 30, 2017, Defendant pleaded guilty to one count of bank fraud in violation of 18 U.S.C. § 1344 pursuant to a Rule 11 plea agreement which included a guideline range of 37 to 46 months of imprisonment. (Dkt. 79.) While out on bond, however, Defendant failed to appear for his presentence interview and went out-of-state, where he remained a fugitive until his arrest. As a result of Defendant

absconding, pretrial calculated Defendant's guideline range to be 63 to 78 months. On December 6, 2018, the Court imposed a sentence of 48 months.[1] (Dkt. 106.)

Defendant, through counsel, now moves this Court for compassionate release based on the health concerns associated with the COVID-19 pandemic. He argues he faces a higher risk for severe illness if he contracts the virus due to his asthma. The government disputes that Defendant is entitled to relief but does not address Defendant's asthma in its response. The government states that Defendant is only 43 years old and medical records reveal that Defendant has a severe alcohol disorder and is obese.

## II.  Analysis

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify terms of imprisonment as follows:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction; . . .
> . . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

---

[1] Defendant's projected release date is not clear from the record. Defendant states it is December 12, 2020, while the government states it is December 27, 2021.

The statute thus requires a defendant to both satisfy the exhaustion requirement and demonstrate that "extraordinary and compelling reasons" warrant a sentence reduction.

The record is not clear as to whether Defendant properly exhausted his administrative remedies.[2] Because the government does not argue that Defendant failed to exhaust, however, any objections to the exhaustion requirement are forfeited. *See United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020) (holding that while the exhaustion requirement is mandatory, as a non-jurisdictional claim processing rule, it can be forfeited or waived by the parties in a particular proceeding). The government relies instead on its argument that Defendant has failed to establish extraordinary and compelling reasons warranting his release.

The applicable Sentencing Commission policy statement sets forth the following four categories of "extraordinary and compelling reasons" for release: (A) medical condition of the defendant, (B) age of the defendant, (C) family circumstances, and (D) a "reason other than, or in combination with, the reasons described in subdivisions (A) through (C)" "[a]s determined by the Director of the Bureau of Prisons," also known as the catch-all provision. *See* U.S.S.G. § 1B1.13, commentary n.1. The medical condition category includes cases where "[t]he defendant is—(I) suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." § 1B1.13, commentary n.1(A)(ii).

---

[2] Defendant attaches to his reply a letter to the Warden at FCI Allenwood dated May 12, 2020. This motion was filed on June 1, 2020.

Defendant argues he has a heightened risk for severe illness if he contracts COVID-19 because he has chronic asthma. The record, however, does not contain sufficient evidence to establish the severity of his asthma.[3] Moreover, it is unclear whether asthma places an individual at a higher risk for severe illness from the virus. *See* People with Underlying Medical Conditions, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (stating that people with moderate-to-severe asthma "*might* be at an increased risk for severe illness from COVID-19") (emphasis added). And Defendant does not address his obesity in his motion or reply. Defendant's generalized concerns regarding the pandemic are valid, but his risk of contracting the virus is the same as any other inmate in federal custody. Thus, Defendant has not met his burden of establishing that his health concerns, even in the context of the COVID-19 pandemic, constitute extraordinary and compelling reasons warranting a sentence reduction. And even if Defendant could meet this burden, the Court would not grant him compassionate release.

Section 1B1.13 provides that a defendant's sentence should be reduced under § 3582(c)(1)(A) only if releasing the inmate will not pose a danger to the safety of others or the community. § 1B1.13(2) (citing 18 U.S.C. § 3142(g)). Also, the Court must consider the sentencing factors in 18 U.S.C. § 3553(a) to the extent that they are applicable. *See* § 3582(c)(1)(A). These factors include the defendant's history and characteristics, the seriousness of the offense, the need to promote respect for the law

---

[3] While Defendant includes with his motion a photo of one page from what appear to be his medical records indicating he was prescribed two inhalers in 2019, those records do not indicate how severe his asthma is.

4

and provide just punishment for the offense, general and specific deterrence, protection of the public, and the need to avoid unwarranted sentencing disparities. *See* § 3553(a).

While Defendant's underlying offense is non-violent, it remains serious. Moreover, Defendant failed to abide by court-ordered terms of supervision in the past and left the state after pleading guilty in this case. Despite this, the Court imposed a sentence below the guideline range. Thus, even though there is no evidence that Defendant's release would pose a danger to society, the Court finds that Defendant has not demonstrated he is entitled to a sentence reduction.

### III. Conclusion

Based upon the foregoing, Defendant's motion for early release is DENIED.

SO ORDERED.

> s/Nancy G. Edmunds
> Nancy G. Edmunds
> United States District Judge

Dated: August 10, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 10, 2020, by electronic and/or ordinary mail.

> s/Lisa Bartlett
> Case Manager